FILED 9 OCT '24 10:30USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland DIVISION

Donovan Maurice Pooler

*(Enter full name of plaintiff)*

Plaintiff,

v.

City of Portland, Portland Police Chief Bob Day, Portland Police Officer Nire

*(Enter full name of ALL defendant(s))*

Defendant(s).

3:24-cv-01715-AB
Civil Case No. _____
(to be assigned by Clerk's Office)

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (PRISONER COMPLAINT)

Jury Trial Demanded

☒ Yes      ☐ No

## I. PARTIES

*List your name, address, and telephone number below, and the same information for each defendant. Make sure that the defendant(s) listed below are identical to those contained in the caption of the complaint. Attach additional sheets of paper if necessary.*

**Plaintiff**     Name: Donovan Maurice Pooler #672858
Street Address: 11540 NE Inverness DR.
City, State & Zip Code: Portland, OR 97220
Telephone No.: N/A

Complaint for Violation of Civil Rights (Prisoner Complaint)                                         1
[Rev. 01/2018]

B. What federal constitutional, statutory, or treaty right(s) is/are at issue?

First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution

## III. STATEMENT OF CLAIMS

### Claim I

*State here as briefly as possible the facts of your case. Describe how each defendant was involved, when the conduct occurred, and any injuries you have suffered as a result. It is not necessary to give any legal arguments or cite any cases or statutes.*

See Attached.

### Claim II

*State here as briefly as possible the facts of your case. Describe how each defendant was involved, when the conduct occurred, and any injuries you have suffered as a result. It is not necessary to give any legal arguments or cite any cases or statutes.*

See Attached.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

I have filed for administrative relief as to all claims in Section III and have concluded all administrative appeals available to me.

☒ Yes          ☐ No

### V. RELIEF

*State briefly exactly what you want the court to do for you and the amount, if any, of monetary compensation you are seeking. Make no legal arguments. Cite no cases or statutes.*

_See Attached._

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __4__ day of __October__, 20__24__

_____
(Signature of Plaintiff)

United States District Court
of Oregon, Portland Division

Danovan Maurice Pooler
               Plaintiff
        -v-
City of Portland, Portland Police Chief
Bob Day, Portland Police Officer Mire
               Defendants

Complaint Attachment

Case # 3:24-cv-01715-AB

## III Statement of claim

D.) Facts underlying claim

1.) On 5-24-2024, Plaintiff Pooler was admitted to OHSU for imediate surgery to the Plaintiff stomach, regarding a gun shot wound to Plaintiff lower left side of the Plaintiff's back. Inches away from the Plaintiff's lower left side of the spine.

2.) Plaintiff Pooler was at OHSU from 5-24-2024 until approximently 6-2-24. Around 7:30 Am June 2nd, 2024. Defendant Portland Police Officer Mire was the relieving officer for the Grave Yard shift officer.

3.) Plaintiff Pooler was being held at OHSU for a "Parole Hold."

Pg. 1-6

4.) Once Defendant Mire settled at his post. Immediately stressed to him that he had use the restroom. Because the Plaintiff takes medicine to help with being able to use the restroom and have a bowel movement.

5.) Defendant Mire just looked at the Plaintiff, then turned to walk out of the room. Stating that "he did not sign up for this". Then the Defendant went to sit back down, disregarding the Plaintiff. The Plaintiff then pushed the emergancy button to get the care nurse on shift, attention.

6.) Once Jane Doe (N) came into Plaintiff room. Plaintiff then told Jane Doe (N) that he had to use the restroom very badly. Jane Doe (N) then went to ask the Defendant to uncuff Plaintiff from the bed so that the Plaintiff could use the restroom. Defendant Mire had the authority to uncuff the Plaintiff while putting on shackles to Plaintiff's ankles. Instead Defendant Mire would not allow Plaintiff to use to restroom

7.) Once Jane Doe (N) had taken the Plaintiff vidal sign's and given the Plaintiff his medication. Jane Doe (N) made another attempt, asking the Defendant if I could use the restroom and take a shower, regarding my wound care. Defendant Mire still would not allow Plaintiff to use the restroom and to take a shower.

8.) While the Plaintiff Lied in bed. Plaintiff Pooler became extremely stressed and emotional because the Plaintiff was on the verg of having a bowel movement while in the bed. Because the Defendant refused to not allow the Plaintiff to use the restroom and shower pertaining to his wound care.

9.) Once the Plaintiff breakfast arrived, the Plaintiff could not eat. Due to having to use the restroom. In between the hours of 9:30Am-10:00Am. Jane Doe(N) came back into the Plaintiff's room to inform both Plaintiff and Defendant that the Plaintiff was cleared for discharge.

10.) Jane Doe (N) made another attempt to ask Defendant Mire if Plaintiff Pooler could use the restroom. Defendant Mire refused to allow the Plaintiff to use the restroom stating that "they will let him shower when he get to the jail".

11.) Defendant Mire did not allow Plaintiff Pooler to use the restroom since Defendant started his shift at approximently 7:30AM until Plaintiff was booked in at the Multnomah County Detention Center at 11:00AM

12.) Once Jane Doe (N) left the room to get the Plaintiff some sock's and a wheel chair, Defendant Mire came into the Plaintiff's room with urgency telling the Plaintiff that MCDC jail was ready. Defendant Mire told the Plaintiff that there will be other officer's waiting in the lobby to retrieve him.

13.) While the Plaintiff was still in the bed, Defendant Mire proceeded to handcuff the Plaintiff behind his back. Defendant Mire then made the Plaintiff get out of the bed without any help or assistance, which caused Plaintiff's incission to bleed, being that the Plaintiff had only been out of surgery a week prior.

14.) The Plaintiff was escorted out of the hospital room by the Defendant wearing only a open hospital gown, no socks, no shoes and bleeding from his incission, in severe pain from attempting to not have a bowel movement. Also the Plaintiff was heavily sedated in handcuff's. And was denied the use of a wheel chair, which the Defendant repeadedly deprived the Plaintiff of his basic need's and care

pg. 3-6

15.) Once the Defendant Lead Plaintiff out of the room, Defendant Mire was approached by a John Doe (RN) asking the Defendant if he could provide the Plaintiff with a pair of sock's being that the Plaintiff was being escorted barefoot. Defendant Mire refused to let the John Doe (RN) aid and assist the Plaintiff.

16.) The John Doe (RN) followed the Defendant and the Plaintiff into the hallway leading towards the elevator, the John Doe (RN) made another attempt to assure the Defendant that it would only take a brief moment to retrieve the Plaintiff a pair of sock's. Defendant Mire again turned down John Doe (RN) aid and assistance. While on the elevator the Defendant stated to John Doe (RN) that "It's not like I am kidnapping him."

17.) Once the Defendant Mire, Plaintiff and the John Doe (RN) got off of the elevator, Defendant Mire lead Plaintiff towards the lobby. John Doe (RN) continued to ask the Defendant if could hold on just for a brief second to allow him to get the Plaintiff some sock's and a wheel chair. Defendant Mire continued to not allow John Doe (RN) to aid and assist the Plaintiff.

18.) While escorting the Plaintiff through the lobby, Defendant Mire refused multiple time's John Doe's (RN) repeated concerns and request to provide Plaintiff with some sock's and a wheel chair.

19.) While escorting the Plaintiff through the lobby, the Plaintiff was only wearing a hospital gown, no sock's and no shoes. The Plaintiff became extremely embarassed and emotional because families and young children were all staring at the Plaintiff being escorted out of the hospital.

pg. 4-6

20.) Once the Defendant lead the Plaintiff outside. John Doe (RN) saw that the Plaintiff was becoming emotional. In that moment John Doe (RN) took it upon himself to retrieve some socks and a wheel chair because the weather was cold and raining.

21.) When John Doe (RN) walked away to aid and assist the Plaintiff with a pair of socks and wheel chair, Defendant Mire took that oppurtunity by making Plaintiff walk in the cold and rain barefooted, with only a hospital gown on, towards the Defendant's (SUV) Police vehicle.

22.) While the Defendant was leading Plaintiff Pooler across the street in such conditions, while haulting traffic in both directions. As Plaintiff was walking in to the streets, Plaintiff stepped on a sharp object causing Plaintiff to catch his balance. While indoring sugnificant pain to the Plaintiff. Pain to his back, his stomach incission and right foot.

23.) The Defendant escorted Plaintiff Pooler approximently 30 to 40 yards from the outside the hospital's entrance to the Defendant's (SUV) Police vehicle. When the Defendant and Plaintiff made it to the Defendant's Police vehicle Defendant Mire did not help Plaintiff inside the back seat of his vehicle. Plaintiff's incission had started to bleed around Plaintiff's belly button and Plaintiff had a slight bowel movement in the back of Defendant's vehicle. Plaintiff was in excrutiating pain.

24.) Once Defendant Mire arrived at NCDC. Defendant Mire opened up Plaintiff's door and made Plaintiff get out of the (SUV) Police vehicle by his self. Without any assistance. Causing Plaintiff stitches from the Plaintiff incission to bleed more and causing the Plaintiff unreasonable risk of falling and risk of further injury.

pg. 5-6

25.) Due to Defendand Nire unlawfull unprofessional, unethical and inhumane actions and treatment of Plaintiff Poder while in the Defendant's custody. Plaintiff Poder was under extreme duress and in fear of his Life

26.) While the Plaintiff was sitting in the waiting area in booking area, a "Triosh Nurse" Jane Doe (N), had stated to me Plaintiff that the Jane Doe (N) from OHSU had called down to the Jail and expressed how apolled she was, because of how the Defendant took me from out of the hospital

pg. 6-6

## IV

## Legal Claims

27.) Plaintiff realleges and incorporates by reference paragraph 1-26

28.) Defendant Mire used excessive force by restraining the Plaintiff with cuffs to the bed without allowing restroom breaks. Defendant Mire's action violated Plaintiff Pooler rights under the eighth amendment to the United States Constitution and caused Plaintiff Pooler pain, suffering, physical injury and emotional distress.

29.) Defendant Mire deprived Plaintiff of a basic human need and exposed him to serious harm, when the Defendant numerous request to use the restroom for bowell movement and ignoring the Nurses request to allow use of the restroom. The Defendants action's and inaction's violated Plaintiff Pooler rights under the Constitution and is causing the Plaintiff pain, suffering, physical injury and emotional distress. Defendant Mire violated Plaintiff Pooler's Eighth Amendment right under the United State Constitution

30.) Defendant Mire acted with deliberate indifference that exposed the Plaintiff to an unreasonable risk of serious harm, depriving Plaintiff Pooler of a basic human need, when the Defendant escorted Plaintiff Pooler approximently 100 yards through a Public space (Hospital) wearing only a unsecured hospital gown, no shoes or sock's, through a parking Lot in the rain barefooted. Defendant Mire action's violated Plaintiff Pooler's right's under the First, Fifth, Fourteenth and Eighth amendments to the United States Constitution, and caused Plaintiff Pooler pain, suffering, physical injury and emotional distress

pg. 1-3

31.) Defendant Mire acted maliciously and sadistically with deliberate indifference, refusing the Plaintiff a use of a wheel chair to move the Plaintiff from the hospital room, approximately 100 yards to the Defendant's transport vehicle. Defendant Mire ignored medical Nurse's request and advise and hospital policy to use a wheel chair while discharging a patient after a major surgery. Defendant Mire intentionally caused unnecessary and wanton infliction of pain and violated Plaintiff Pooler's rights under the Fifth, Fourteenth, and eighth amendment to the United States Constitution and caused Plaintiff Pooler pain, suffering, physical injury, and emotional distress.

32.) Plaintiff Pooler has no plain, adequate, or complete remedy at law to redress the wrong's described herein. Plaintiff Pooler has been and will continue to be irreparably injured by the conduct of Defendant's unless this Court grants the declaratory and injunctive relief which Plaintiff seeks.

## V

## Relief

WHEREFOUR, Plaintiff respectfully pray that this Court enter Judgement:

33.) Granting Plaintiff Pooler Compensatory Damages in the amount of $1,750,000 against the Defendant's jointly and severally

34.) Plaintiff seek's Punitive Damages in the amount of $50,000. Plaintiff Pooler seek's these damages against Defendant Mire.

Plaintiff also seek's a jury trial on all issue's triable by jury

Pg. 2-3

35.) Plaintiff also seeks recovery of his cost in this suit and any additional relief this Court deems just, proper and equitable.

Date:

Respectfully Submitted
Danovan Maurice Pooler #672858
11540 NE Inverness DR.
Portland, Oregon
97220

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Portland, Oregon on 10·4·2024

Danovan Maurice Pooler

Pg. 3-3

Danovan Pooler 67L850
11540 NE Inverness DR
Portland, OR. 97220

4/31

Legal Mail



FIRST-CLASS
US POSTAGE Pitney Bowes
ZIP 97230
02 7H
0006121596
$ 004.31⁰
OCT 07 2024

(Office of the Clerk)
Mark O. Hatfield U.S Courthouse
1000 SW Third Ave. Ste 740
Portland, OR. 97204