United States District Court of Oregon
Portland, Division

FILED 24 APR '25 10:19 USDC-ORP

Donovan Maurice Foder
    Plaintiff
-V-
City of Portland et al
    Defendant

Civil No. 3:24-cv-01715-AB

Plaintiff opposition to Motion to Dismiss

## Summary

In Plaintiff opposition, he argues that in all legal claims made in the complaint, the Plaintiff was both a Pre-Trial Detainee and Post Conviction due to Parole hold which was Portland Polices explanation of reason for detention at OHSU. Plaintiff realleges Defendants actions which caused Constitutional injury and how the constitutional law is applied. Plaintiff includes Memorandum of Law to support the claims filed in the complaint. Plaintiff response to Defendants allegations 1-7 where it is alledged the Plaintiff failed to state a claim where relief may be granted.

Plaintiff's complaint passed the courts initial screening, and was served on on Defendants which the courts would not have done, had the Plaintiff complaint been 1.) "Frivilous or Malicious". 2.) Failed to state a claim upon which relief may be granted; or 3.) Seek's Money Damages from a defendant who is immune from money damages. The court concluded that the Plaintiff has a reasonable opportunity to prevail on one or more claims. Nothing has changed in the complaint since the court concluded this and the Defendants fail to argue any fact's in complaint which would sway the courts previous decision.

P. 1-2

In considering the Defendant's Motion to Dismiss, the Judge must assume that every fact stated in the complaint is true. The judge must then ask: if all those facts are true, is it plausible that Defendants violated plaintiffs right? If any combination of facts stated in complaint might qualify you for any form of court action under section 1983, then the Judge is legally required to deny the Defendants Motion to Dismiss, Your complaint. In making this decision, Courts are ~~sussom~~ suppose to treat unrepresented parties, more leniently than people who file suits with a lawyer. In considering a Motion to Dismiss, a Prose complaint should be held to less strict standards than complaint drafted by a lawyer.

P. 2 of 2

## Opposition

Defendant Mire violated Plaintiff Coolers 8th Amendment right to be free from cruel and unusual punishment by not removing cuffs from bed, on a Prisoner held on a Parole Hold, a Post Conviction custody; refusing use of toilet for (4) hours, ignoring Nurses pleas and explaination that the bowel movements were medically induced, violating Plaintiffs 8th Amendment right to medical care

Prison officials violate 8th Amendment when they act with deliberate indifference to a prison condition that exposes a Prisoner to a unreasonable risk of serious harm - Helling v. Mckenney 509 U.S. 25, 33 (1993)-

Prison officials act with deliberate indifference when they ignore an obvious and serious danger. - Farmer V. Brennan 511 U.S. 825, 835 (1994)-

When Non Medical officials interfere with the treatment that Your Doctor has ordered - Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000)-

Prisoner can show serious medical need if the "Failure to treat the Prisoner's condition could result in further serious injury or the ~~~~ unecessary and wanton infliction of pain". - Jett v. Penner 439 F.3d 1091, 1096, (9th Cir. 2006)-

As Plaintiff wrote in the complaint, he was a week out of surgery for a gunshot wound to his lower back. He was given medication to force him to have bowels movements. When Defendant Mire came on duty, Plaintiff imediately requested to use the restroom; Defendant Mire refused, stating "I did not sign up for this".

1 of 8

Plaintiff Pooler then pushed the emergency button and stressed to the nurse that he had to use the bathroom badly to have a bowel movement. Jane Doe (N) asked the Defendant to allow Plaintiff to use the toilet for medical reasons; Defendant Mire refused. This transpired multiple times where medical staff explained that Pooler was on medication to induce bowell movement, and he needed to be allowed use of the toilet

Jane Doe (N) also requested to allow Plaintiff use of a shower for wound care, to prevent infection, Defendant Mire refused. Plaintiff Pooler was not allowed to be unsecured from his bed to use the toilet and to shower regarding wound care from 7:30 AM to 11:00 AM, once Plaintiff arrived at MCDC. This caused Plaintiff Pooler unecessary and wanton infliction of Pain; causing Plaintiff to defacate in the back seat of the Police vehicle.

Defendant Mire refusal to unsecure Plaintiff's cuffs from the bed. Refusal to allow Plaintiff use of a toilet for medically induced bowel movement and refusal to allow Plaintiff access at showering, regarding wound care. upon medical Professionals request; amounts to deliberate indifference to a unreasonable risk of serious harm, a deliberate indifference to a serious medical need, in violation of the 8th Amendment.

Defendant Mire violated Plaintiff Pooler's 8th Amendment right to Medical care, 8th Amendment right to be free from Cruel and Unusual Punishment. 5th and 14th Amendment due Process. (Conditions of confinement, right to adequate medical care) when he (1) made an intentional decision to walk Plaintiff Pooler out of the hospital when heavely sedated on medications (2) Placing Plaintiff at a substantial risk of suffering serious harm by not using a wheel chair nor allowing Pooler Sock's. The defendant ignored multiple request by nurses recommendations to allow Plaintiff a wheel chair regarding his safety. (3) Not taking reasonable measures available to abate that risk.

(4) By not taking such measure, Defendant Mire caused Plaintiff intense pain to my incision to my stomach, by escorting me in the rain causing me to step on a sharp piece of rock on bare feet and more serious injury if Plaintiff would have fallen. Defendant Mire actions were clearly without a doubt "objectively unreasonable". Defendant Mire acted with "Reckless Disregaurd" to Plaintiffs safety.

Defendant Mire knew at the time, what he was doing was wrong, because medical nurses told him so. Hospital staff was so concerned with the Defendant's conduct they called Multnomah County Detention Center and lodged a complaint, the (intake) nurse told Plaintiff Cooler about the call from the nurse at OHSU expressing there concern.

Plaintiff Cooler has alledged in complaint and in this response to Motion to Dismiss that Defendant Mire disregarded an excessive risk to the Plaintiff's health and safety by failing to take reasonable and available measures that would have eleminated that risk and injuries sustained. Plaintiff plans to prove these allegations at trial with witnesses testimony, security camera footage and testimony by Plaintiff

In Defendant's Motion to Dismiss, Defendant argues in Section 1.) Plaintiff failed to state a first Amendment claim. Defendent Mire Prevented Plaintiff Cooler from responding to medical staff's inquiries whether he wanted socks and a wheel chair. Defendant overspoke Cooler and rushed him away, preventing him from answering. Violated freedom of speech.

2.) Defendants argue's that Plaintiff fails to state a 8th Amendment claim. Plaintiff asserts on line 3 of complaint that he was held on a Parole hold which is Post Conviction Custody which the courts must hold as "True" under FRCP 12 (b)(6) Additionally in Defendants argument number (6)

clearly established Plaintiff Pooler as a Prisoner in custody on Parole, which with or without new charges, establishes a Parole hold. A Post Conviction Custody.

3.) Defendant's alledge Plaintiff was held by outstanding, during his custody status Pre-Conviction Custody. Pre/Post custody arguments are not appropriate to be made in a Motion to Dismiss. And are much more appropriate at trial where oral arguments and court rules apply. Condition's of Confinement for Pre-Trial detainees are reviewed by Courts under 5th and 14th Amendment due Process Claus. Bell v Wolfish 441 U.S 520 (1979) held that Jail conditions of the detainee violates due Process. Additionally Defendants alledges Plaintiff was not at risk of serious harm. Plaintiff Pooler alledges enough information in his complaint to imply serious risk of harm ie. Damage arising from held bowell movement post surgery. Refusal to allow wound care could cause infection, being dragged out of hospital without wheel chair could have caused fatal fall... etc. All arguments to be made at trial, not in dismissal

4.) Claims against the city of Portland should not be dismissed. Monell may apply, won't know for sure until Discovery stage.

5.) Claims against Bob Day should not be dismissed. Bob Day is direct Supervisor responsible for Policy, training and Supervision officer Mire. Plaintiff Pooler did not name Portland Police Bureau as defendant, but through Bob Day Portland Police Bureau as a entity is being sued.

6.) Bell v. Wolfish 441 U.S. 520 (1979) - Held that Jail conditions amount to punishment of the detainee violate due process. Defendant Mire intended to punish Plaintiff by not allowing access to any type of toilet for bowell movement for (4) hours stating "I did not sign up for this". Defendants states it is reasonable to have a detainee in cuffs which is not argued in complaint. It is being cuffed to the bed to prevent use of toilet which is overly restrictive and a exagerated response to a real concern, as there were alternative restraints available to Defendant Mire, to allow use of toilet. (Leg shackles with extended chain to reach the toilet and also shower.) Furthermore looking through a reasonable officers eye's, Plaintiff Cooler was cooperative, heavily medicated for various reason regarding plaintiff physical and mental state, as well as Plaintiffs injury from a gun shot wound to Plaintiffs lower back.

7.) In no way was this a tense, uncertain, rapid-evolving situation requiring split second judgement. Police officer's have to allow Parolee to use the bathroom when they are in their custody and care. There is no excuse that makes sense, to prevent another human being from using the bathroom. Especially when your constantly being asked to do so by medical professionals.

## Memorandum of Law

A use of force is excessive and violates the 8th Amendment. (Fifth and Fourteenth for Pre-trial detainees) when it is not applied in an effort to maintain or restore discipline, but is used to maliciously and Sadistically cause harm, where a prison official is responsible for unnecessary and wanton infliction of pain. The 8th Amendment has been violated.

"Excessive Force" by Prison guards is cruel and unusual punishment. In a very important Supreme Court case called Hudson v. McMillian 503 U.S 1 (1992) the court found a violation of the 8th Amendment when Prison officials punched and kicked a Prisoner, leaving him with minor bruises, swelling of his face and mouth and loose tooth. The court held that a guard's use of force violates the 8th Amendment when it is not applied "in good faith" effort to maintain or restore discipline". But instead is used to "Maliciously and Sadistically cause harm"

- In 2010 the Supreme Court made it clear that a prisoner can win a Excessive force claim even if they are not seriously injured. Wilkins v. Gaddy, 559 U.S 34 (2010)

- The most important thing to prove is "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm.

- With Mechanical restraints, you might be able to bring an "Excessive Force" claim, even if the Prison says the treatment is just a "Condition of Confinement". - Young v. Martin, 801 F.3d 172 (3rd cir. 2015)

- Prison officials violate the 8th Amendment when they act with deliberate indifference to a prison condition that exposes a prisoner to a unreasonable risk of serious harm or deprives a prisoner of a basic human need. You have a right to humane conditions in custody.

To challange the 8th Amendment, you must meet both "objective" and "Subjective" requirements. - Farmer v. Brennon, 511 U.S. 825 (1994) Wilson v. Seiter, 501 U.S. 294 (1991)

to meet objective standard. You need to show you were deprived a basic human need or exposed to serious harm. Under the subjective Tart, you usually must show that the guard you are suing, knew you were being deprived or harmed and did not respond reasonably. Barney v. Pulsipher, 143 F.3d 1299 (10th Cir. 1998) Helling v. McKinney, 509 U.S. 25 (1993)

Prison officials may not act with deliberate indifference to a serious medical need. The 8th Amendment Protects your right to get medical care. An inmate must rely on prison authorities to treat his medical needs; if authorities fail to do so, those needs will not be met. Estelle v. Gamble, 429 U.S. 97, 103 (1976)

Under the 8th Amendment you are entitled to medical care for "serious medical needs". Edmo v. Corizon, Inc. 935 F.3d 757, 785 (9th Cir. 2019)

Conditions of Confinement for Pre-Trial detainees are reviewed by Courts under the 5th and 14th Amendment due process clause

Bell v. Wolfish 441 U.S. 520 (1979) - Held that jail conditions that amount to punishment of the detainee violates due process:

1.) Defendant Mire intended to punish plaintiff by not allowing access to toilet for bowell movement stating "I did not sign up for this".

2.) Defendant states it is reasonable to have a detainee in cuffs, which is overly restrictive and exaggerated response to a real concern, as there are alternative restraints that were available to Defendant Mire to allow freedom to use the toilet (leg shackles, single shackle with long chain)

- City of Revere V. Massachusetts General Hospital, 463 U.S 239 (1983) The Supreme court held that Pre-trial detainees have a due Process right that are "at least as great" as the 8th Amendment protects available to Prisoners. Many courts simply compare the cases to 8th Amendment cases. See Bell V. Wolfish

- Kingsley V. Hendrickson, 135 S. Ct. 2466 (2015). The court considered an excessive force claim by a Pre-Trial detainee. The court held that a detainee can win a excessive force claim if the force used against him was objectively excessive. A detainee doesn't need to Prove that the officer was malicious or Sadistic. This is an easier standard to meet than the Standard for a convicted Prisoner who have to show intent to cause Suffering or Punishment

- Castro V. County of Los Angeles 833 F 3d 1060 (9th cir. 2016) - A court held that a Pretrial detainee bringing a failure-to-Protect claim also only needs to show objective unreasonableness

## Conclusion

For the foregoing reasons, the court should deny Defendants Motion to Dismiss

Date 4/22/25

Respectfully Submitted

Danovan Pooler 672858
11540 NE Inverness DR
Portland, OR 97220

8 of 8

## Certificate of Service

I hereby certify that I served this foregoing opposition to Motion to Dismiss on:

Elizabeth Woodard, OSB 075667
Senior Deputy City Attorney
Portland City Attorney's office
Address: 1221 SW 4th Ave Rm. 430
Portland, OR 97204

on 4/22/25 by causing a full, true and correct copy thereof addressed to the last known address (or fax number) of said attorney to be sent by the following method:

By mail in a sealed envelope, with postage paid and deposited with the U.S. Postal Service in Portland, Oregon

Respectfully Submitted

Danovan Pouler 672858
11540 NE Inverness DR
Portland, OR 97220