IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DANOVAN MAURICE POOLER, | No. 3:24-cv-01715-AB |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| CITY OF PORTLAND, PORTLAND POLICE CHIEF BOB DAY, and PORTLAND POLICE OFFICER MIRE, | |
| Defendants. | |

**BAGGIO, District Judge:**

Plaintiff Danovan Maurice Pooler ("Plaintiff"), proceeding pro se, brings this action against Defendants City of Portland ("the City"), Portland Police Chief Bob Day ("Chief Day"), and Portland Police Officer Mire ("Officer Mire") (collectively, "Defendants"). Plaintiff alleges that Officer Mire used excessive force as well as violated his First, Fifth, Eighth, and Fourteenth Amendment rights under the United States Constitution.

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6). Motion to Dismiss ("Mot. Dismiss", ECF 12). For the reasons discussed below, Defendant's Motion to Dismiss is GRANTED.

1 – OPINION AND ORDER

I.    FACTUAL BACKGROUND

On May 24, 2024, Plaintiff was admitted to Oregon Health & Science University ("OHSU") for surgery for a gunshot wound in his lower left back. Complaint ("Compl.", ECF 2) ¶ 1. Plaintiff was held in custody at OHSU on an outstanding parole warrant and was the prime suspect in the murder of LaQuonda Fuller-Grant.[1] Woodard Decl., Ex. 1 & 2. On June 2, 2024, Officer Mire, a Portland Police Officer, was on shift and in charge of watching Plaintiff at OHSU. Compl. ¶ 2. During his shift, Officer Mire was informed that Plaintiff was ready for discharge and Officer Mire prepared Plaintiff for transfer to Multnomah County Detention Center ("MCDC"). *Id.* at ¶ 9; Woodard Decl., Ex. 1, at 3.

Plaintiff alleges that on June 2, 2024, from approximately 7:30 am to 11:00 am, Officer Mire violated his constitutional rights in multiple ways. First, Officer Mire would not allow Plaintiff access to the restroom for a bowel movement. Compl. ¶¶ 4, 6, 7, 8, 10, & 11. Second, Officer Mire would not allow Plaintiff access to the restroom to take a shower to care for his surgical wound. *Id.* ¶¶ 7, 8, 10, & 11. Third, Officer Mire required Plaintiff to get out of bed without assistance and while handcuffed "caus[ing] Plaintiff's incision to bleed[.]" *Id.* ¶ 13. Fourth, Officer Mire would not provide Plaintiff with additional clothing beyond a medical gown causing Plaintiff to have to walk through OHSU and the parking lot exposed. *Id.* ¶¶ 14, 19, & 21. Fifth,

---

[1] Defendants ask the Court to consider "omit[ed] material information regarding the nature of [Plaintiff's] custody." Mot. Dismiss, 3. The incorporation by reference doctrine "permits a district court to consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings.'" *In re Silicon Graphics Inc. Secs. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)). To assess the sufficiency of Plaintiff's claims, the Court will consider the following exhibits incorporated by reference into Plaintiff's Complaint: Police Report GO 42 2024-135573 (Declaration of Elizabeth C. Woodard ("Woodard Decl.", ECF 13), Ex. 1); and Measure 11 Secret Indictment (*id.*, Ex. 2). *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

2 – OPINION AND ORDER

Officer Mire would not allow Plaintiff access to a wheelchair for transport. *Id.* ¶¶ 14, 17, 18, 20, & 21. Sixth, Officer Mire would not allow Plaintiff access to socks or shoes causing Plaintiff to walk through OHSU and the parking lot barefoot. *Id.* ¶¶ 14, 15, 16, 17, 18, 19, 20, 21, & 22. Last, Officer Mire required Plaintiff to enter and exit the police vehicle without assistance causing his surgical wound to bleed. *Id.* ¶¶ 23 & 24. Plaintiff states that Officer Mire's actions and treatment caused him to experience "extreme duress and fear [for] his life." *Id.* ¶ 25.

## II.    LEGAL STANDARD

Where the plaintiff "fail[s] to state a claim upon which relief can be granted[,]" the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the Court to reasonably infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations must present more than "the mere possibility of misconduct[.]" *Id.* at 679.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021). Regardless, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 680-81. Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

When a plaintiff is proceeding pro se, the court must "construe the pleadings liberally and [ ] afford the [plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir.

3 – OPINION AND ORDER

2010) (quotation marks and citation omitted). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

### III. DISCUSSION

**A. Plaintiff Fails to State a First Amendment Claim**

Defendants move to dismiss Plaintiff's First Amendment claim in its entirety against all Defendants for failure to state a claim. Mot. Dismiss, 5.

Plaintiff alleges that Officer Mire violated his First Amendment rights under the United States Constitution. Compl. ¶ 30. The First Amendment protects five fundamental freedoms: religion, speech, the press, assembly, and the right to petition the government. U.S. Const. amend. I. Plaintiff states that Officer Mire "acted with deliberate indifference that exposed Plaintiff to unreasonable risk of harm[ ]" when Officer Mire escorted Plaintiff through OHSU and the parking lot with only a hospital gown and no shoes or socks. *Id.* Plaintiff clarifies in his Response, that Officer Mire violated Plaintiff's right to free speech by not allowing Plaintiff to respond to OHSU medical staff's inquiries on whether Plaintiff needed socks and a wheelchair. Response to Defendants' Motion to Dismiss ("Resp.", ECF 20) at 3.

To state a cognizable First Amendment free speech claim, Plaintiff must plead that his speech was constitutionally protected, that Officer Mire's actions would chill an ordinary person from continuing in that activity, and that Officer Mire's actions were motivated by Plaintiff's constitutionally protected speech. *See Mendocino Env't Ctr. v. Mendocino County*, 192 F.3d 1283, 1300-01 (9th Cir. 1999). In his Complaint, Plaintiff does not allege that he engaged in protected

speech, nor does he sufficiently allege that Officer Mire prohibited him from exercising his free speech rights. Even construing the pleadings liberally and affording Plaintiff the benefit of any doubt, *Hebbe*, 627 F.3d at 342, Plaintiff fails to sufficiently allege any conduct that violated his protected free speech rights under the First Amendment.

Plaintiff's Complaint fails to allege facts sufficient to state a First Amendment claim, and therefore his First Amendment claim is dismissed. However, the Court finds that, although unlikely, it may be possible to cure the defects by amendment. Defendants' Motion, as to Plaintiff's First Amendment claim, is GRANTED and this claim is dismissed with leave to amend.

### B. Plaintiff Fails to State a Fourth Amendment Claim

Defendants move to dismiss Plaintiff's claim for excessive force arising from Officer Mire's use of handcuffs because the use of handcuffs was reasonable. Mot. Dismiss, 8-9.

Plaintiff alleges that Officer Mire "used excessive force by restraining [ ] Plaintiff with cuffs to the bed without restroom breaks." Compl. ¶ 28. Although not pled in the Complaint, it appears that Plaintiff is alleging a Fourth Amendment claim against Officer Mire. *See* U.S. Const. amend. IV (prohibiting the use of excessive force in the course of an arrest, investigatory stop, or other seizures); *see also Graham v. Connor*, 490 U.S. 386, 394-95 (1989) (excessive force claims during an arrest, seizure, or investigatory stop fall under the Fourth Amendment).

To be adequately pled "[e]xcessive force claims require (1) a seizure and (2) excessive force." *Cuevas v. City of Tulare*, 107 F.4th 894, 898 (9th Cir. 2024). Additionally, whether the force used during the seizure was excessive is governed "by the Fourth Amendment's 'reasonableness' standard." *Plumhoff v. Rickard*, 572 U.S. 765, 774 (2014). The reasonableness standard "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.*

5 – OPINION AND ORDER

(quoting *Graham*, 490 U.S. at 396). The test is applied from the perspective of "a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

Here, Plaintiff alleges that Officer Mire used excessive force by handcuffing Plaintiff to the hospital bed and not allowing him restroom breaks. Compl. ¶ 28. Plaintiff has not established that the force used was unreasonable under the Fourth Amendment. *See Plumhoff*, 576 U.S. at 774. Thus, the facts alleged in the Complaint are insufficient to constitute excessive force under the Fourth Amendment.

Plaintiff's Fourth Amendment excessive force claim is dismissed. However, the Court finds that it may be possible to cure the defects by amendment. Defendants' Motion, as to Plaintiff's Fourth Amendment claim, is GRANTED and this claim is dismissed with leave to amend.

### C. Plaintiff Fails to State a Fifth Amendment Claim

Defendants move to dismiss Plaintiff's Fifth Amendment claims in their entirety against all Defendants for failure to state a claim. Mot. Dismiss, 5.

Plaintiff alleges that Officer Mire violated his Fifth Amendment rights under the United States Constitution. Compl. ¶¶ 30 & 31. Plaintiff states that Officer Mire "acted with deliberate indifference that exposed Plaintiff to unreasonable risk of harm[ ]" when Officer Mire escorted Plaintiff through OHSU and the parking lot with only a hospital gown and no shoes or socks. *Id.* ¶ 30. Plaintiff further alleges that Officer Mire "acted with deliberate indifference" when he ignored the medical staff's request to let Plaintiff use a wheelchair while Plaintiff was being discharged from OHSU. *Id.* ¶ 31.

The Fifth Amendment protects individuals from self-incrimination, double jeopardy, and ensures due process in criminal proceedings. U.S. Const. amend. V. The Fifth Amendment protects

against the actions of the federal government, while the Fourteenth Amendment protects against actions of state and local governments. *Stop H-3 Ass'n v. Dole*, 870 F.2d 1419, 1429 n.18 (9th Cir. 1989) ("[T]he Fifth Amendment's Due Process Clause . . . subjects the federal government to constitutional limitations that are the equivalent of those imposed on the states by the Equal Protection Clause of the Fourteenth Amendment."). Because Plaintiff does not allege violation of his rights by the federal government, Plaintiff's Complaint fails to allege facts sufficient to state Fifth Amendment claims. Accordingly, Plaintiff's Fifth Amendment claims are dismissed.

Further, the Court finds that "it is absolutely clear that no amendment can cure the defect[s]" as to Plaintiff's Fifth Amendment claims. *Garity*, 828 F.3d at 854. Because the defects cannot be cured by amendment, dismissal with prejudice is appropriate. Defendants' Motion, as to Plaintiff's Fifth Amendment claims, is therefore GRANTED and the Fifth Amendment claims are dismissed without leave to amend.

**D. Plaintiff Fails to State an Eighth Amendment Claim**

Defendants move to dismiss Plaintiff's Eighth Amendment claims in their entirety against all Defendants for failure to state a claim. Mot. Dismiss, 5-6.

Plaintiff alleges that Officer Mire violated his rights under the Eighth Amendment of the United States Constitution. Compl. ¶¶ 28, 29, 30 & 31. The Eighth Amendment protects against excessive bail, excessive fines, and cruel and unusual punishment. U.S. Const. amend. VIII. The Ninth Circuit has explained that the "status of the detainees determines the appropriate standard for evaluating conditions of confinement." *Gary H. v. Hegstrom*, 831 F.2d 1430, 1432 (9th Cir. 1987). "The eighth amendment applies to convicted prisoners." *Id.* (internal citation and quotation omitted). "By contrast, the more protective fourteenth standard applies to conditions of confinement when detainees . . . have not yet been convicted." *Id.*

7 – OPINION AND ORDER

Here, Plaintiff was being held on an outstanding warrant and was the prime suspect in a murder investigation. Woodard Decl., Ex. 1 & 2. Therefore, Plaintiff was a pretrial detainee. *See Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979) (because pretrial detainees have "not been adjudged guilty of any crime[,]" they cannot be punished until they have received due process); *see also Hanington v. Multnomah County*, 593 F. Supp. 3d 1022, 1032-33 (D. Or. 2022) (concluding that the Fourteenth Amendment rather than the Eighth Amendment applies to a plaintiff who was arrested on suspicion of a parole violation). The Eighth Amendment's protections do not apply here, and Plaintiff's claims under the Eighth Amendment appear to be Fourteenth Amendment claims.

Accordingly, Plaintiff's Eighth Amendment claims are dismissed. Again, the Court finds that "it is absolutely clear that no amendment can cure the defect[s]" as to Plaintiff's Eighth Amendment claims. *Garity*, 828 F.3d at 854. Because the defects cannot be cured by amendment, dismissal with prejudice is appropriate. Defendants' Motion, as to Plaintiff's Eighth Amendment claims, is GRANTED and these claims are dismissed without leave to amend.

E. **Plaintiff Fails to State a Fourteenth Amendment Claim**

Defendants move to dismiss Plaintiff's Fourteenth Amendment claims in their entirety against all Defendants for failure to state a claim. Mot. Dismiss, 9-10.

Plaintiff alleges that Officer Mire violated his Fourteenth Amendment rights under the United States Constitution. Compl. ¶¶ 30 & 31. Further, as discussed above, Plaintiff alleges Eighth Amendment allegations that are more appropriately Fourteenth Amendment allegations. *Id.* ¶¶ 28, 29, 30 & 31. Plaintiff's Fourteenth Amendment allegations pertain to Officer Mire not allowing Plaintiff a restroom break, not allowing him to wear anything beyond a hospital gown, not allowing him to wear shoes and socks, and not allowing him to use a wheelchair. *Id.* The Court

construes Plaintiff's claims as Fourteenth Amendment violations for failure to provide adequate medical care during his custody at OHSU and his transport to MCDC.

The Fourteenth Amendment guarantees equal protection and due process under the law for all citizens. U.S. Const. amend. XIV. The Ninth Circuit has held that courts must evaluate a pretrial detainee's medical care claim under the Fourteenth Amendment objective deliberate indifference standard rather than the Eighth Amendment standard for deliberate indifference. *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). To prevail on a Fourteenth Amendment inadequate medical care claim a plaintiff must establish four elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (ii) those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125.

The second element is related to the "serious medical need" standard in the Eighth Amendment. *See Conn v. City of Reno*, 591 F.3d 1081, 1094 (9th Cir. 2010) ("An official's deliberate indifference to a substantial risk of serious harm to an inmate—including the deprivation of a serious medical need—violates the Eighth Amendment, and a fortiori, the Fourteenth Amendment." (citations omitted)). In the Eighth Amendment context, examples of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial

9 – OPINION AND ORDER

pain[.]" *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

Here, Officer Mire clearly made the intentional decisions to restrict Plaintiff from using the restroom, from wearing clothing beyond a medical gown, from wearing socks, and from using a wheelchair. *See Gordon*, 888 F.3d at 1125. What is not clear, however, is how Officer Mire's intentional decisions put "[P]laintiff at substantial risk of suffering serious harm[.]" *See id.* Plaintiff makes conclusory statements that Officer Mire caused him "pain, suffering, injury, and emotional distress[ ]" and that he "continue[s] to be irreparably injured[.]" Compl. ¶¶ 28, 29, 30, 31, & 32. Although Plaintiff does allege that Officer Mire's conduct caused his surgical incision to bleed, *id.* ¶¶ 13, 23, & 24, it is unclear from the Complaint whether Plaintiff had a serious medical need. *See McGuckin*, 974 F.2d at 1059-60. Stated differently, Plaintiff's Complaint does not adequately allege the elements of a Fourteenth Amendment violations for failure to provide adequate medical care including whether he had a serious medical need.

Plaintiff's Fourteenth Amendment claims are dismissed. The Court finds that it may be possible to cure the defects by amendment. Therefore, Defendants' Motion, as to Plaintiff's Fourteenth Amendment claim, is GRANTED and this claim is dismissed with leave to amend.

### F. Plaintiff Fails to Allege Facts Sufficient to Support *Monell* Liability

Defendants move to dismiss all claims against the City in their entirety because Plaintiff fails to allege facts to support *Monell* liability. Mot. Dismiss, 6-7.

Plaintiff names the City as a Defendant but does not allege any conduct on the part of the City that led to Plaintiff's alleged harms. Although it is unclear, it appears that Plaintiff may be asserting a claim pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). In *Monell*, the Supreme Court held that "a municipality cannot be held liable under § 1983 on a respondeat

superior theory." *Id.* at 691. A municipality can only be sued for constitutional deprivations visited pursuant to an official policy, practice, or custom. *Id.* at 690-91; *see also Rivera v. County of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014).

The circumstances in which *Monell* liability may be found under § 1983 are "carefully circumscribed." *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). To establish *Monell* liability for an official custom, policy or practice, a plaintiff must show "(1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to [his] constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020). "The 'official policy' requirement [of a *Monell* claim] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original).

Here, Plaintiff does not allege that the City has a policy, custom, or practice that deprived him of a constitutional right. Plaintiff asks the Court to not dismiss the City as a defendant because he will not know if he has a *Monell* claim until the discovery stage of the litigation. Resp., 4. Defendants respond that "Plaintiff must allege facts sufficient to establish *Monell* claims against the City to proceed."  Defendants' Reply in Support of Mot. Dismiss ("Reply", ECF 21), 3. The Court agrees with Defendants. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

11 – OPINION AND ORDER

Plaintiff has not pled facts sufficient to state a *Monell* claim, and he is not prohibited to wait until discovery to develop his claim. Defendants' Motion is therefore GRANTED but Plaintiff is given leave to amend what appears to be a *Monell* claim against the City.

**G. Plaintiff's Claims Against Chief Day are Dismissed as Redundant**

Defendants move to dismiss all claims against Chief Day in their entirety because the claims solely relate to his official capacity. Mot. Dismiss, 7-8.

Again, Plaintiff names Chief Day as a Defendant but does not allege any conduct by Chief Day that caused Plaintiff's alleged harms. Defendants argue that Plaintiff includes Chief Day only in his official capacity. *Id.* Thus, including Chief Day in his official capacity is redundant of the City being a named defendant. *Id.* Plaintiff's Response confirms he seeks claims against Chief Day solely in his official capacity. Resp., 4 ("Plaintiff Pooler did not name Portland Police Bureau as defendant, but through [Chief Day] Portland Police Bureau as a[n] entity is being sued.")

An official-capacity suit against a state officer under § 1983 "is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, "it is no different from a suit against the State itself." *Id.* Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent[.]" *Monell*, 436 U.S. at 690 n.55. Thus, suits against state officials in their official capacity should "be treated as suits against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, "the entity's 'policy or custom' must have played a part in the violation of federal law." *Id.* (quoting *Monell*, 436 U.S. at 694).

Accordingly, an action against Chief Day in his official capacity is treated as an action against the City and is therefore dismissed as redundant. Defendants' Motion is GRANTED as to Chief Day and Plaintiff may not amend this claim.

12 – OPINION AND ORDER

## IV. CONCLUSION

For the reasons discussed, Defendants' Motion to Dismiss (ECF 12) is GRANTED. However, Plaintiff has leave to amend, but only as to his First Amendment, Fourth Amendment, Fourteenth Amendment, and *Monell* claim against Defendant City of Portland. Defendant Portland Police Chief Day is dismissed from this action.

Plaintiff may file an amended complaint within 30 days of this Order, but the amended complaint may not include a Fifth Amendment or Eighth Amendment claim and may not name Portland Police Chief Bob Day as a defendant.

IT IS SO ORDERED.

DATED this  12th  day of June 2025.

_____
AMY M. BAGGIO
United States District Judge

13 – OPINION AND ORDER